Wanamaker, J.
 

 (dissenting).
 

 In dissenting from this judgment and the doctrine invoked to sustain
 
 *118
 
 it I shall endeavor to very concisely and clearly state ray views.
 

 Each new court decision, state as well as federal, seems to be a new step toward the extension of ¿national power to the extinguishment of state pow,er. If the fathers who made the Constitution were to return to America and read the decisions of our pourts in that respect, they would not only fail ,to recognize their own Constitution, but be absolutely astounded in the misapprehension and misconstruction that had been given to their political handiwork.
 

 What is the amazing proposition declared in the syllabus and judgment? That “the jurisdiction of the Interstate Commerce Commission is exclusive and the Public Utilities Commission of Ohio was without jurisdiction to grant such order;” that is, to make an order suited to the needs and requirements of
 
 intrastate
 
 commerce regardless of whether or not such orders might result in increased facilities for interstate commerce.
 

 Probably no railroad in Ohio does an exclusively intrastate commerce business. All of them are in some degree in interstate commerce. The logic of this proposition is that if any railroad does any interstate commerce business whatsoever, it is subject exclusively to federal control in any matter in which interstate commerce might in any wise be affected. The ultimate logic of this proposition is to annihilate all state power upon any railroad doing any interstate business which might in any wise, for good or ill, affect such interstate carrier.
 

 Now in this particular case the Interstate Com
 
 *119
 
 xnerce Commission decided, among other things, that there were a number of other outlets to the border states by which the complaining parties had ample facilities for transportation, and therefore that this particular route was not necessary for them. Surely that was a sufficient finding to justify their noninterference, their refusal to mate the order; but it would be utter folly to urge that in this connection, in considering the needs of intrastate commerce, and the latter is the only subject here affected.
 

 I cannot yield my convictions to a policy that would merge all transportation facilities where mere community needs are primarily involved into one central national bureau.